IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Challyne-Atryus B. Shorts,<br><br>    Petitioner,<br><br>v.<br><br>Unknown Party,<br><br>    Respondent. | No. CV-20-00684-PHX-JJT (CDB)<br><br>**ORDER** |

    At issue is the Report and Recommendation (Doc. 25, "R&R") issued in this matter by United States Magistrate Judge Camille D. Bibles, recommending that the Court deny the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5). Petitioner timely filed Objections (Doc. 26) to the R&R, and Respondents filed a Reply (Doc. 28) to those Objections.

    In a thorough and clear R&R, Judge Bibles correctly concluded that Petitioner's Convictions at issue became final, for purposes of calculating the limitations period under the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 9, 2018—90 days after his state court conviction and sentence were entered and he chose to forego filing for state post-conviction relief. On the following day, April 10, 2018, AEDPA's one-year limitation period for filing any habeas action in this Court began to run, and expired on April 10, 2019. Petitioner did not file his Petition in this matter until April 2, 2020. That is almost one year too late. Petitioner's initiation of a state action for post-conviction relief in March of 2020 did not statutorily toll this limitation period because, as Judge Bibles

correctly found, it was itself almost a year late, and therefore not "properly filed" within the meaning of *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). And Petitioner does not present circumstances that qualify for the rarely-granted relief of equitable tolling. Petitioner asserts that he himself was not aware of the Fourth Amendment violation which now serves as his Ground number 2 for his Petition. But as Judge Bibles correctly found, this argument does not rest on any newly discovered factual predicate, but rather a legal theory that Petitioner asserts is new to him. Petitioner's Objection merely recycles the arguments that he previously made in his Petition and Judge Bibles already considered and rejected under the applicable law as cited in detail in the R&R.

Finally, in the alternative, Judge Bibles also correctly concluded that Petitioner's grounds were both procedurally defaulted at the state court level, and therefore not entitled to habeas review in this Court absent a showing of cause and prejudice. As Judge Bibles found, Petitioner does not show cause for his procedural default, and in any event cannot show prejudice because upon review, the underlying claims fail on the merits. He does not show, or claim, actual factual innocence and thus exception via the *Schlup* gateway is also unavailable to him. For all of these reasons,

**IT IS ORDERED** overruling Petitioner's Objections (Doc. 26) and adopting in whole the R&R (Doc. 25) submitted by Judge Bibles in this matter.

**IT IS FURTHER ORDERED** denying and dismissing the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5). The Clerk of Court will close this matter.

**IT IS FURTHER ORDERED** denying a certificate of appealability. Habeas review is precluded in this matter by a plain procedural bar. Reasonable jurists would not find this ruling debatable. Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 9th day of June, 2021.

Honorable John J. Tuchi
United States District Judge